304 Ga. 665
FINAL COPY

S19Z0269.  INQUIRY CONCERNING JUDGE TAMMY STOKES.

PER CURIAM.

This judicial discipline matter is before the Court on the agreement between the Director of the Judicial Qualifications Commission (JQC) and Tammy Stokes, the Chief Judge for the Recorder's Court of Chatham County, to resolve the formal charges brought by the Director against Judge Stokes with a public reprimand, pursuant to Rule 23 of the JQC Rules.  The agreement was submitted to the JQC's Hearing Panel, which then filed it with this Court.  As explained below, we accept the agreement and order that Judge Stokes be publicly reprimanded for her admitted violations of the Georgia Code of Judicial Conduct.

According to the formal charges, the allegations of which Judge Stokes admits are true, she violated the Code of Judicial Conduct by her habitual tardiness in starting court and her excessive absenteeism from the court.  Count 1 of the formal charges alleges that Judge Stokes violated Rule 1.2 (A) of the

Code of Judicial Conduct, which requires judges to "act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary," and Rule 2.1, which requires judges to give their judicial duties "precedence over all their other activities." Judge Stokes violated these provisions by habitually starting court late. During the past year-and-a-half, Judge Stokes often did not take the bench until more than an hour after the court's scheduled starting time. Furthermore, she often did not even arrive at the courthouse until after the court's scheduled starting time. We note that Judge Stokes has offered no good cause to excuse this habitual tardiness. Accordingly, Judge Stokes failed to promote public confidence in the judiciary and to give her judicial duties precedence over all other activities.

Count 2 of the formal charges alleges that Judge Stokes violated Rules 1.2 (A) and 2.1 again, as well as Rule 2.7, which requires judges to "hear and decide matters assigned to them, except those in which they are disqualified." Judge Stokes violated these provisions through excessive absences from the court. She was absent for 38 of her scheduled court days in 2017 and, as of the time of the filing of the formal charges on September 17, 2018, had already missed 36 of her scheduled court days in 2018. Furthermore, her absenteeism required the

court to spend significant funds on judges pro tempore to fill in. The court spent more than twice as much money on judges pro tempore to fill in for Judge Stokes as the other two Recorder's Court judges combined. This absenteeism has also manifested itself in Judge Stokes's unavailability to review and determine probable cause for search and arrest warrants outside of court hours, one of her duties as a Recorder's Court judge. We again note that Judge Stokes has offered no good cause to excuse this excessive absenteeism. Accordingly, Judge Stokes failed to promote public confidence in the judiciary, to give her judicial duties precedence, and to fulfill her responsibility to hear and decide the matters assigned to her.[1]

After a complaint was filed with the JQC, the Investigative Panel authorized a full investigation, which included consideration of Judge Stokes's written responses and a meeting with her in person before the panel. Pursuant to JQC Rule 23, Judge Stokes and the Director of the JQC entered an agreement to resolve the formal charges with a public reprimand. In authorizing this

---

[1] We note that both sets of allegations also implicate Rule 2.2, which requires judges to "dispose of all judicial matters fairly, promptly, and efficiently." Commentary [3] for that rule explains that "[p]rompt disposition of the court's business requires judges to devote adequate time to their duties [and] to be punctual in attending court[.]"

3

resolution, the Investigative Panel considered in mitigation Judge Stokes's cooperation in responding to the allegations of misconduct, including voluntarily meeting with the panel; her candor during the meeting, including admitting her tardiness and absences, being reflective and remorseful, and expressing an honest desire to improve and set a better example as the Chief Judge of the Recorder's Court of Chatham County; her faithful service on that court for many years; the fact that her absences and tardiness were due in part to then-pending litigation in which she was a party, which diverted her time and resources away from the court;[2] her receptiveness to new court procedures that could help assure the public that the judge is present and court has begun on time; and the fact that her tardiness and absences were not intentional or malicious abuses of judicial power but rather were a correctable and recent lapse in judgment.

The agreement was submitted to the Hearing Panel, which voted unanimously to accept the agreement and file it with this Court for approval. Having reviewed the record, the Court now accepts the agreement and orders

---

[2] This reference to Judge Stokes's involvement in litigation appears to have been presented only as a mitigating factor, not as an excuse for her habitual tardiness and excessive absenteeism.

that Judge Tammy Stokes receive a public reprimand, which shall be imposed on her in person in open court by a judge designated by this Court. Upon the issuance of this opinion, all filings made in this Court in this matter shall be unsealed. See JQC Rule 23 (D).

Discipline by consent accepted. Public reprimand. All the Justices concur.

Decided November 5, 2018.

Public reprimand.

Benjamin F. Easterlin IV, Robert C. McBurney, for Judicial Qualifications Commission.